IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS KYLE MORRISON,           )
                                )
            Petitioner,          )
                                )    1:11CV553
        v.                       )    1:10CR134-1
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Kyle Morrison, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #21], and a Supplement [Doc. #33] to that Motion. On October 14, 2010, Petitioner was convicted of one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count One), and one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). He was sentenced to 13 months imprisonment on the drug count (Count One) and a consecutive 120 months imprisonment on the firearm count (Count Three) to be followed by three years of supervised release.

Petitioner initially raised a single claim for relief in his original Motion [Doc. #21], asserting ineffective assistance of counsel based on an allegation that his attorney did not file a notice of appeal after Petitioner asked him to do so. After that claim was briefed, but before further action was taken, Petitioner supplemented his Motion to add a claim based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d

237 (4th Cir. 2011). Petitioner contends in that claim that his conviction under 18 U.S.C. § 922(g)(1) is invalid, because the prior North Carolina state conviction listed in the Indictment was not punishable by more than one year of imprisonment in light of Simmons. The Government has now filed a Response to that claim, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Indictment would not qualify as a predicate felony conviction in light of Simmons because, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction. Based on this determination, the Government concedes that relief should be granted. In his Reply, Petitioner agrees that relief should be granted under Simmons, and notes that the Government's concession renders moot his original claim of ineffective assistance of counsel.

With respect to the Simmons claim, the Government has affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] The Government specifically requests that the Court "grant relief" pursuant to the § 2255 Motion, and the parties appear to agree that Petitioner's conviction and sentence on Count Three should be vacated.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but whose indictment relied on a predicate conviction that would not be a felony conviction in light of Simmons. See also United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's
(continued...)

In reviewing this matter, the Court notes that the offense listed in the Indictment as the predicate conviction was a Class I felony with a prior record level of IV, sentenced within the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in <u>Simmons</u>, was less than 12 months. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).[3]

---

[2](...continued)
concession in light of <u>Simmons</u>); <u>United States v. Cherry</u>, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a <u>Simmons</u> claim, based on a concession by the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255"). In taking this position, the Government has agreed that <u>Simmons</u> announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but whose conviction was based on a predicate offense that is not a felony conviction in light of <u>Simmons</u>. <u>Cf.</u> <u>Teague v. Lane</u>, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review; <u>Schriro v. Summerlin</u>, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes").

This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in <u>United States v. Powell</u> concluded that the decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), which preceded <u>Simmons</u>, was a procedural rule not retroactively applicable on collateral review. <u>See</u> <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012). However, in <u>Powell</u>, the Government took the position that the decision in <u>Simmons</u>, unlike <u>Carachuri</u>, "may have announced a new substantive rule of criminal law." <u>Id.</u> Therefore, the Court in <u>Powell</u> did not have before it the issue of whether <u>Simmons</u> was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in <u>Powell</u> would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

[3] In its Supplemental Response, the Government states that Petitioner did have other prior convictions that could have served as predicate offenses supporting a conviction under § 922(g)(1). However, the Government concedes that because the predicate conviction listed in the Indictment would not support a conviction under § 922(g), the conviction on Count Three in this case should be vacated. Nevertheless, the Government also states that Petitioner may face "additional consequences," presumably because the Government may seek to re-indict Petitioner for alleged violation of 18 U.S.C. § 922(g)(1) using the other predicate convictions, or may seek reinstatement of the alleged violation of 18 U.S.C. § 924(c)(1)(A)(i), which was the charge in this case that was dismissed pursuant to the Plea Agreement on Petitioner's guilty plea to Counts One and Three. <u>Cf.</u> <u>United States v. Green</u>, 139 F.3d 1002 (4th Cir. 1998) (citing <u>United States v. Bunner</u>, 134 F.3d 1000, 1005 (10th Cir. 1998)); <u>United States v. Ford</u>, 703 F.3d 708 (4th Cir. 2013). However, the Government has not proceeded on this issue or requested reinstatement of any counts, and any litigation of that question must wait until the Government re-indicts Petitioner or otherwise seeks reinstatement of any dismissed counts, if in fact it chooses to do so. At this point, Petitioner has been cautioned that this is a possibility if he chooses to pursue the current Motion. Petitioner may consult with appointed counsel in deciding whether to proceed with the present Motion, and may choose to withdraw the Motion within fourteen (14) days of the present Order, in light of the Government's position on this issue.

Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted as to his claim under Simmons. As for relief, the Government is not specific as to the nature of the relief that should be granted. Petitioner asks that his conviction and sentence be vacated as to Count Three and that he be resentenced as to Count One. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the options of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Having considered the issue in the present case, and in light of Petitioner's request that this matter be set for resentencing, the Court concludes that it is appropriate to set this case for resentencing to resolve any remaining sentencing issues resulting from the relief recommended as to Count Three, as well as to allow the Government to further address its intent with respect to further proceedings against Petitioner in this case. A resentencing proceeding in this case would allow for these issues to be fully addressed by the parties and the United States Probation Office prior to further determination by the Court. Therefore, the Court will recommend that this matter be set for resentencing as to Count One.

The Court notes that Petitioner previously filed a Motion [Doc. #24] for release from custody pending resolution of his original § 2255 Motion, which raised claims of ineffective assistance of counsel. Petitioner has since agreed that the claims for ineffective assistance of counsel are moot, and the Motion for Release will be denied. However, if the parties agree that

Petitioner should be released pending resentencing as a result of his Simmons-related claims, they may file a motion to that effect for further consideration by the Court.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #24] for release from prison pending resolution of his § 2255 Motion is DENIED without prejudice as noted herein.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #21, #33] be GRANTED as to his supplemental Simmons claim, that the Judgment [Doc. #20] be VACATED, that Count Three of the Indictment [Doc. #1] be DISMISSED, and that this matter be set for resentencing as to Count One.

This, the 23rd day of April, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge